IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEVEREAUX BURNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 5:10-cv-338 (MTT) |
| COMBINED INSURANCE OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER

This matter is before the Court on Defendant Combined Insurance of America's Motion for Summary Judgment. (Doc. 14). For the following reasons, the Motion is **GRANTED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

This action involves a disability insurance policy issued by Defendant Combined Insurance of America. Plaintiff Devereaux Burnett seeks coverage for an injury resulting from his fall from a step-ladder on February 5, 2009. The Plaintiff first became disabled on February 23, 2007 after falling from a tractor trailer truck. After the February 2007 fall, the Plaintiff filed a claim for disability benefits under his Policy with the Defendant. The Defendant agreed that the Plaintiff was "totally disabled" and began paying a monthly benefit of $3,000 on March 26, 2007.[1] The Policy defines "totally

---

[1] The Policy required an elimination period of thirty days; thus, the insured had to be totally disabled for thirty days following the filing of his claim before the benefits began. (Doc. 14-2 at 4).

disabled" or "total disability" as "the inability to perform all of the substantial and material duties of the Insured's occupation." (Doc. 14-2 at 4). The maximum benefit period the insured could receive total (or partial) disability benefits "for any one accident or sickness" is two years. (Doc. 14-2).

In the two years following the Plaintiff's initial accident, he remained totally disabled. (Doc. 14-6 at ¶¶ 11-13, Doc. 20 at ¶¶ 11-13). Thus, at the time of the second fall on February 5, 2009, the Plaintiff was still receiving disability payments. Following the second fall, the Plaintiff began experiencing both lower and upper back pain, along with shoulder pain. (Doc. 21 at 3). The Plaintiff submitted his second claim on March 16, 2009, in which he sought disability benefits based on an injury to his "left shoulder lower back" from the February 5, 2009 fall off the ladder. (Doc. 14-4).

The Policy has two provisions that are potentially applicable when an insured is disabled from more than one injury or sickness—a recurrent disability provision and a concurrent disability provision. The recurrent disability provisions states that "[s]uccessive periods of total disability will be considered one period of total disability unless such periods are separated by at least 180 days or the disabilities resulted from different or unrelated injuries or sickness." (Doc. 14-2 at 7). The concurrent disability provision provides that "[i]f the insured is disabled as the result of one injury or sickness or both an injury and a sickness, [then the] benefits will be paid as if disability were the result of only one injury or sickness." (Doc. 14-2 at 6).

The Defendant denied the Plaintiff's second claim for disability benefits, stating: "From the medical information obtained, it appears that you have been continuously and totally disabled since 2/23/07 and have never had a period of recovery. In view of this

and since we have already provided the maximum benefit of two years of total disability benefits under the above policy for your loss of 2/23/07, we are sorry but we are unable to provide any disability for your loss of 2/5/09." (Doc. at 14-2).

The Plaintiff's attorney, on November 10, 2009, wrote the Defendant and asserted that although the Plaintiff had received maximum benefits based on his original lower back injury, he was now disabled as the result of a new injury, and, because of this new injury, additional benefits should be paid. The Plaintiff's attorney sent another letter dated December 10, 2009, stating that the Plaintiff was suffering from a "recurrent disability" as defined by the policy and was entitled to the additional benefits.

Following the Defendant's denial of coverage based on its conclusion that the Plaintiff's injury was a concurrent disability, the Plaintiff filed this suit for disability benefits and for attorney's fees pursuant to Georgia's stubbornly litigious statute. O.C.G.A. § 13-6-11.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). Further, the burden rests with the moving party to prove that no genuine issue of material fact exists. *Info Sys. & Networks Corp.*, 281

F.3d at 1224.  The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor."  *Id.*

### III. DISCUSSION

#### A. The Disability Insurance Policy

The Plaintiff argues his new shoulder injury is a "recurrent disability and necessitates a new and distinct claim."  (Doc. 1-4 at ¶ 16) (internal quotation omitted).  As noted, the recurrent disability provisions provides "[s]uccessive periods of total disability will be considered one period of total disability unless such periods are separated by at least 180 days or the disabilities resulted from different or unrelated injuries or sickness."  (Doc. 14-2 at 7).  The Plaintiff interprets this clause to provide coverage for a second disabling injury if either 180 days has passed after the first period of disability or if the second disability was caused by a different injury or illness.  Thus, the Plaintiff argues that because the Policy does not require a time period between successive periods of total disability if the second disability is the result of a different injury, then his second injury falls within the definition of recurrent disability.

The Defendant contends that the recurrent disability provision, by its express language, applies to *successive periods* of total disability, not successive injuries.  Thus, because the Plaintiff was totally disabled at the time of the second injury, there cannot be successive periods of disability.  Rather the Plaintiff's second injury, even if totally disabling, resulted in a concurrent disability which the Policy defines as a disability resulting from "more than one injury, for which benefits are paid as if they were the result of only one injury."  (Doc. 14-5 at 10) (internal quotations and emphasis omitted).  The Defendant asserts the purpose of the concurrent disability provision is to prevent a

totally disabled claimant from receiving benefits for more than one maximum period by claiming successive periods of disability when the original disability is continuous. Thus, because the Plaintiff was already totally disabled and receiving total disability benefits at the time of the second injury, there was only one single continuous total disability period that began in 2007 and continued through March 2009, not two successive periods of total disability. (Doc. 14-5 at 11).

Neither party cites any Georgia case interpreting similar "recurrent disability" and "successive period" provisions, nor has the Court found any applicable Georgia authority. However, cases from other jurisdictions, along with Georgia rules of insurance contract interpretation, provide a framework for interpreting this provision and applying it to the Plaintiff's injuries.

"'In construing an insurance policy, [t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean…. Where a provision in the policy is susceptible to two or more constructions, the court[] will adopt that construction which is most favorable to the insured.'" *Hill v. Nationwide Mutual Fire Insurance Co.*, 214 Ga. App. 715, 715, 448 S.E.2d 747, 747-48 (1994) (quoting *Atlantic Wood Indus. v. Lumberman's Underwriting Alliance*, 196 Ga. App. 503, 505, 396 S.E.2d 541, 543 (1990) (internal citation omitted)). Additionally, an insurance contract should be examined as a whole when the court is attempting to construe any portion within the contract. *Edwards v. Atlantic Insurance Co.*, 203 Ga. App. 608, 609, 417 S.E.2d 410, 412 (1992). An interpretation of a contract that will uphold a contract in whole and in every part is preferred, and the whole contract should be looked to in arriving at the construction of any provision. *Alea London Ltd. v.*

*American Home Servs., Inc.*, 2011 WL 1437003, at *3 (11th Cir. 2011). However, if, by the language of the contract, no coverage exists, "we will not…extend coverage where none was contracted or intended." *Jefferson Insurance Co. of New York v. Dunn*, 269 Ga. 213, 215, 496 S.E.2d 696, 699 (1998); *See also Bold Corp. v. National Union Fire Ins. Co.*, 216 Ga. App. 382, 383, 454 S.E.2d 582, 584 (1995) ("Where the language of the contract fixing the extent of coverage is unambiguous…and but one reasonable construction is possible, this court must enforce the contract as written. A term in an insurance policy that unambiguously and lawfully limits the insurer's liability may not be extended beyond what is fairly within its plain terms").

Here, the Policy provides that an insured can suffer a recurrent disability when there are "[s]uccessive periods of total disability." Although "successive periods" is not defined in the Policy, the term is unambiguous and not susceptible to more than one reasonable interpretation. It contemplates a second period of disability following a first period of disability.

Other courts have reached the same conclusion. The United States District Court for the Eastern District of Michigan interpreted an almost identical insurance policy provision in *Taylor v. Unum Provident Corporation*, 2007 WL 1016987 (E.D. Mich. 2007). In *Taylor*, the insured suffered a second injury while still suffering from a totally disabling neck injury. *Id.* at *1. The plaintiff in *Taylor*, like the Plaintiff here, argued that he was entitled to additional benefits for the second injury because the subsequent disability was "successive," as contemplated by the Policy because his second disability was due to a different underlying cause. *Id*. at *7-8. The defendant contended that

there was only one continuous period of disability because the plaintiff was injured while he was already completely and totally disabled. *Id.*

The insurance policy in *Taylor* stated: "Successive periods will be deemed to be the same period unless the later period: (1) is due to a different or unrelated cause, or (2) starts more than twelve months after the end of the previous period…in which event, the later period will be a new or separate period of disability…." *Id.* at *9-10. Although not labeled as a "recurrent disability," this language is almost identical to the recurrent disability provision in this case. The court in *Taylor* interpreted "successive periods" to mean "two separate periods of disability following one another in succession." *Id.* at *11. The court rejected the plaintiff's argument that a successive period can begin during a previous period if there is a different cause, because, not only was it not the natural interpretation of the term successive period, but it would also render another provision of the insurance policy irrelevant. *See id.* at *11. This provision provided that "in no event will you be considered to have more than one disability at the same time. The fact that a disability is caused by more than one injury or sickness from both will not matter. We will pay benefits for the disability that provides the greater benefit." *Id.* at *11. The court reasoned that the ordinary reading of that language in conjunction with the rest of the insurance policy meant that even if an individual suffers from several disabilities at one time, there can only be one period of disability. *Id.*

Similarly, in *Zieglemann v. TMG Life Insurance Company*, 607 N.W.2d 898 (2000), the North Dakota Supreme Court interpreted an insurance policy that also provided that a recurrent disability occurs when a "subsequent" period of disability is the result of an injury unrelated to a previous disability. *Zieglemann*, 607 N.W.2d at 899.

The court reasoned that the plaintiff was not covered under the recurrent disability provision because his totally disabling eye condition was "continuous and uninterrupted and therefore, [his new] back condition [had] not resulted in a subsequent period of disability." *Id.* at 900.  The court held that the plaintiff's injury could only be a recurrent disability, entitling him to a new disability period, if the unrelated injury had been subsequent to the "cessation of the prior cause or causes of disability for which he received benefits under the policy." *Id.* at 901; *See also Pennsylvania Life Insurance Co. v. Green*, 367 So.2d 463 (Ala. Civ. App. 1978); *Pappas v. Unum Life Insurance Co. of America*, 856 A.2d 183 (Pa. Super. Ct. 2004); *Christensen v. S.L. & Assoc., Inc.*, 207 P.3d 1020, 1026 (Idaho 2009) (holding that a totally disabled plaintiff could not have a subsequent disability from a different injury because "her disability could not be greater than total" and she could not become "more than disabled").

Here, when the Policy is read as a whole and its words are given their plain and ordinary meaning, there is only one reasonable interpretation—that the Plaintiff did not have successive periods of disability due to different injuries, but rather, the Plaintiff had one single and uninterrupted period of disability.  The undisputed evidence shows that the Plaintiff was totally and continuously disabled from his initial lower back injury from February 2007 through March 2009.  It is also undisputed that the Plaintiff continuously received benefits for his total disability, starting on March 26, 2007 and ending, after his second injury, on March 26, 2009.  At the time he injured his shoulder in February 2009, the Plaintiff was still totally disabled and had not at any point been classified as anything other than totally disabled by his doctors.  A new, successive, disability period could not begin while the Plaintiff was still disabled from his first injury.  The fact that there was a

second injury during the Plaintiff's period of complete disability does not change the fact that the Plaintiff only had one period of disability and not two successive periods. The Plaintiff's injury could only be a recurrent disability, entitling him to a new disability period, if the unrelated injury had been after the *end* of his first disability period. Thus, even viewing the evidence in the light most favorable to the Plaintiff, there is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law.

### B. The Plaintiff's Claim for Attorney's Fees

The Defendant also moves for summary judgment on the Plaintiff's claim for attorney's fees. The Court's conclusion that the Plaintiff is not entitled to disability benefits for his second injury effectively disposes of his claim for attorney's fees. However, as the Defendant notes, the Plaintiff seeks the attorney's fees pursuant to O.C.G.A. § 13-6-11, which allows litigation expenses to be paid to the plaintiff if he has specially plead such damages, and the defendant has acted in bad faith or has been stubbornly litigious. The exclusive basis for recovering attorney's fees based on an insurance company's bad faith refusal to pay benefits is O.C.G.A. § 33-4-6. *Anderson v. Georgia Farm Bureau Mutual Insurance Co.*, 255 Ga. App. 734, 737, 566 S.E.2d 342, 345 (2002). Therefore, the Plaintiff's claims for litigation expenses pursuant to O.C.G.A. § 13-6-11 are not recoverable as a matter of law. *See United Service Auto. Ass'n v. Carroll*, 226 Ga. App. 144, 149, 486 S.E.2d 613, 617 (1997). While the Court would normally allow a Plaintiff to amend his Complaint to cure such a pleading mistake, an amendment here would be pointless.

Accordingly, the Defendant's Motion for Summary Judgment is **GRANTED** in its entirety. (Doc. 14).

**SO ORDERED**, this the 1st day of December, 2011.

                                                <u>S/ Marc T. Treadwell</u>
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT